The C. G. Larned Mercantile, Real Estate and Live Stock Company v. The Omaha, Hutchinson & Gulf Railroad Company.

No. 7763.

Eminent Domain — *Report of Commissioners — Conclusiveness.* The nature and extent of the rights and easements acquired by a railroad company by the condemnation of lands for the purposes of its road must be definitely shown in the written report of their proceedings filed by the commissioners who make the condemnation. The report must show what is taken, and what the landowner parts with. Nothing is taken by implication or intendment, and parol evidence to show that the commissioners intended to condemn other land, not included in their report, is inadmissible.

*Error from Kingman District Court.*

.The plaintiff in error brought suit in the district court of Kingman county against the defendant in error to recover damages for an alleged trespass on the southwest quarter of section 27, township 30, range 7, by entering thereon and constructing a railroad across it. The defendant answered, setting up certain condemnation proceedings by the board of county commissioners, and alleging that the land was duly condemned, but that the commissioners, by mistake and inadvertence, omitted from their report the description of said tract of land; that the value of the land taken and the damages to the remainder through the west half of the southwest quarter of the northwest quarter and the southwest quarter of said section 27 were assessed together, amounting to $500, and by mistake only the 20 acres out of the northwest quarter were included in the report. The plaintiff replied denying any condemnation of right of way over the southwest quarter. On the trial the defendant, over the objection of the plaintiff, was permitted to prove, by the members of the board of county commission-

ers, that they intended to include the southwest quarter in their report, and that it was omitted therefrom by mistake.    The court instructed the jury as follows :

" You are further instructed, that if you find that the defendant caused to be condemned said right of way over the premises in controversy, but further find that by mistake said commissioners failed to file with their report and as a part thereof a description of said premises, then the mere fact that said commissioners so failed to report that part of their proceedings wherein they condemned said right of way over said land would not invalidate their proceedings if you find from the evidence that in the assessing of said damages said commissioners actually considered and took into account the injury done to said premises ; and if the statute, as above explained, has been otherwise complied with, and the damages assessed for said premises paid to and received by plaintiff, then your verdict should be for the defendant."

Judgment was rendered for defendant, and plaintiff comes to this court.

*F. E. Gillett*, *P. B. Gillett*, and *M. D. Libby*, for plaintiff in error.

*Houk & Whitelaw*, for defendant in error.

The opinion of the court was delivered by

ALLEN, J. :  A railroad company seeking to condemn land for a right of way or other uses connected with the construction and operation of its railroad, under the statute, takes only a right to the use of such land as is definitely described in the report of the commissioners.    The concealed purposes or intentions of the representatives of the company or of the board of commissioners can confer no rights.    The landowner may rely implicitly on the report filed.   The commissioners in this case condemned a right of way across

20 acres only. The law requires the commissioners to embody their doings in a written report, and to file the same with county clerk. This report becomes the evidence, and the only evidence, of their doings. (*The State v. Armell*, 8 Kan. 288; *Reisner v. Union Depot & Rld. Co.*, 27 id. 382; *C. K. & W. Rld. Co. v. Grovier*, 41 id. 685.)

The judgment is reversed, and a new trial ordered. All the Justices concurring.